Lin v. Holder

BIA
Vomacka, IJ
A089 101 717

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand fourteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

XINTAO LIN,
> *Petitioner,*

v.                                    13-3837

                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Robert Tsigler, Law Offices of Yu & Associates, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Claire L. Workman, Senior Litigation Counsel; Jane T. Schaffner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xintao Lin, a native and citizen of China, seeks review of a September 19, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") December 16, 2010, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xintao Lin*, No. A089 101 717 (B.I.A. Sept. 19, 2013), *aff'g* No. A089 101 717 (Immig. Ct. N.Y. City Dec. 16, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An applicant may establish eligibility for asylum and withholding of removal based on past persecution on account of a protected ground. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). As the BIA concluded, even if credible, Lin

2

did not establish past persecution.  Lin testified that, on one occasion, he was "hit . . . a few times" by a police baton, causing dizziness.  The agency properly determined that this single incident did not rise to the level of persecution.  *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks and citations omitted)); *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in BIA's conclusion that the alien did not establish past persecution on account of a single beating, and two days of detention, when the resulting injuries "required no formal medical attention and had no lasting physical effect").

In the absence of past persecution, there is no presumption of future persecution.  8 C.F.R. § 1208.13(b)(1).  To qualify for asylum, Lin must, therefore, establish a well-founded fear of future persecution.  8 C.F.R. § 1208.13(b)(2).  To demonstrate such a well-founded fear, Lin must show either that he would be singled out for persecution or that China has a pattern or practice of persecuting those similarly situated to him.

3

8 C.F.R. § 1208.13(b)(2)(iii).  Irrespective of the theory, the agency was not compelled to find that Lin demonstrated a well-founded fear of persecution.

In determining that Lin did not meet his burden, the agency did not err in declining to credit letters from Lin's father and a fellow church member because they were unsworn, neither writer was available for cross-examination, and Lin's father was an interested witness.  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).  Lin does not challenge the agency's decision to that extent.  Moreover, as the agency noted, police did not specifically target Lin during a raid on a church in 2008 and only sought him out after he disobeyed their order not to move by fleeing the scene.  *See* 8 C.F.R. § 1208.13(b)(2).

The agency also reasonably relied on the 2009 Department of State International Religious Freedom Report and Human Rights Report.  *See Xiao Ji Chen*, 471 F.3d at 341

4

("a report from the State Department is usually the best available source of information on country conditions" (internal quotation marks and citation omitted)). Those reports revealed that members of underground churches were punished in some parts of China, but practiced without interference by authorities in other areas. The Religious Freedom Report also showed that those most likely to be targeted by the Chinese government were "prominent religious leaders," and not church members such as Lin. While the Religious Freedom Report describes several incidents involving Chinese officials harassing underground churches, these incidents did not occur in Lin's home province of Fujian. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149, 169-72 (2d Cir. 2008).

This record does not compel a finding that Lin's fear of being singled out for persecution is objectively reasonable, or that there is a pattern or practice of persecution against similarly situated practitioners. *See id.* at 171 (providing that the agency is not compelled to resolve conflicts in record evidence in the applicant's favor so long as substantial evidence raises doubts that authorities will single out the applicant for persecution and the agency does not overlook contrary evidence); *Santoso*

*v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (finding reasonable the agency's determination that petitioner failed to demonstrate a pattern or practice of persecution where religious violence was localized as opposed to countrywide). Because Lin has not met the standard for asylum, he cannot meet the standards for withholding of removal or CAT relief. *See, e.g.*, *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010). As Lin's failure to meet his burden for relief is dispositive of his claims, we do not analyze the agency's adverse credibility determination. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6